# BUDD LARNER

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

1939 Route 70 East
Suite 100
Cherry Hill, N.J. 08003
856-874-9500
Telecopier 856-874-9660
www.buddlarner.com

SUSANNA J. MORRIS
Direct Dial: 856-874-2090
Email: smorris@budd-larner.com

June 15, 2010

**VIA Electronic Filing**

Honorable Joel Schneider, USMJ
Mitchell H. Cohen Federal Courthouse
1 John F. Gerry Plz.
Fourth and Cooper Sts.
Camden N.J. 08101

    **Re: Andrew Dubler v. Hangsterfer's Laboratories, et al.**
        **United States District Court**
        **District of New Jersey**
        **Civil Action No. 1:09-cv-05144-RBK-JS**

Dear Judge Schneider:

    This letter shall serve as the parties' joint letter to the court regarding the current outstanding paper discovery disputes. Over the past three weeks we have been able to resolve most of the discovery issues that have been encountered to date. However, the parties have been unable to come to an agreement on two of the plaintiff's demands for documents. They are as follows:

**Demand 9. A copy of the Hangsterfer's latest financial statement and operating and profit or loss statement for the past five years.**

    The defendants object to producing this confidential, and highly sensitive information. Said information would only be relevant to the determination by the jury of plaintiff's punitive damage claim. This demand from the defendant's prospective is premature.

    It is the plaintiff's position, however, that the demand is not premature, and that he is entitled to the information which is relevant to his punitive damage claim. That being said, plaintiff

**BUDD LARNER**
A PROFESSIONAL CORPORATION

June 15, 2010
Page 2

is willing to grant defendants additional time on this request provided this information is received in advance of trial.

**Demand 23. All documents that evidence, refer, describe or relate NeoSol, which were created at any time from the period of NeoSol's initial planning/development to the present, including without limitation, documents that set forth or identify the formula or specific product manufacturing specifications, technical documents, testing results, recalls, changes or problems with the product, price lists, correspondence with distributors regarding the product, the person or persons who worked on the developing or altering the product, marketing and sales efforts related to the product, sales (and profit/loss) results from the sales of the product and internal or external discussions related to the product, including without limitation, any discussions or communications related to the source or origin of the product, its similarity or dissimilarity from Eco-Cool, Mr. Sheehan's role in developing the product and/or concerns about possible challenges from Fuchs.**

The defendants objected to this demand on a number of grounds including that it is overly broad, seeks attorney client communications, and that the documents sought contain confidential, trade secret and proprietary information. Following a discussion on the demand, Ms. Collins agreed to limit the initial scope of the demand to documents concerning the development of the NeoSol 300 and NeoSol, as well as the formula for NeoSol 300, and NeoSol 400. Following plaintiff's review of the 300/400 documents additional information on NeoSol 100/200 may not be necessary.

The defendants have agreed to provide documents that relate to the development of NeoSol 300 and NeoSol 400, but maintain their objection to providing documents that contain the formula, specific product manufacturing specifications, technical documents or testing results for the products. This information constitutes trade secret and proprietary information, which if disclosed will not advance plaintiff's case, but which has the potential to do significant harm to Hangsterfer's. The only way this information can have value to the plaintiff is if plaintiff obtains the Fuchs Laboratories' formula for Eco-Cool. If he obtains that information than perhaps a comparison could be made between the two formulas. However, without the Fuchs' formula, there is no value to the

**BUDD  LARNER**
A PROFESSIONAL CORPORATION

June 15, 2010
Page 3


plaintiff in having the Hangsterfer's formula, and Hangsterfer's should not be required to provide same.

Plaintiff argues that it should be provided with this information, particularly the formula of NeoSol 300 and 400 that was presented to the Company in 2006.  Hangsterfer's has already indicated that the formula has been revised, apparently substantially, since its initial formulation.  Thus, the initial formula is no longer current or a classified formula for the Company, nor is it clear that it is still being held as a trade secret.  In any event the parties have agreed to a confidentiality agreement.  Plaintiff will agree to treat this as highly confidential information, subject to review by attorneys and or an expert that would be bound by a stringent confidentiality agreement.  The question of whether the formula was stolen is one of the key facts in this case; plaintiff is not seeking this information for improper or harassing purposes. Plaintiff proposes to work with the defendants to find the best least disruptive way to handle and review this information.


In addition to the above, two other discovery issues have arisen.  The first concerns plaintiff's demand for e-discovery.

**Demand 19.  All e-mails, communications, notes or memoranda sent or received by any employee of Hangsterfer's, or agent of Hangsterfer's, which refer or relate in any way to Mr. Dubler, Nancy Hudak, Chris Sheehan, Fuchs, Eco-Cool NeoSol or severance.**

While Ms. Collins has agreed to limit the time scope of this demand to May 2006 to the present, the problem is that Hangsterfer's computer system does not permit a universal search to be done.  It does not have archiving software.  As a result in order to obtain the requested information, a restoration of the backup tape must be done for each day of the search period, which will then provide all the e-mails sent and received by all 40 of Hangsterfer's employees.  At that point the e-mails must be reviewed to determine if they are relevant, and non-privileged.  In order to restore one month's worth of e-mails, one day of work is required.  This is an extremely costly and time consuming process.

As I advised Ms. Collins I am conferring with Hangsterfer's outside technician to determine if there is a solution to this

**BUDD LARNER**
A PROFESSIONAL CORPORATION

June 15, 2010
Page 4


issue.

　　Lastly, through plaintiff's document production it became apparent to the defendants that the plaintiff has in his possession and has disclosed to his counsel confidential information of Hangsterfer's.  As a consequence the defendants' contend that plaintiff has violated the terms of the Confidentiality and Noncompete Agreement he signed in 2008.  Moreover, two of the disclosed documents are not only confidential information, but are protected by Hangsterfer's attorney client privilege.  Under cover of letter dated May 19, 2010, I demanded the return of this confidential information, including all copies.

　　Plaintiff disagrees with the defendants' position on this issue, and Ms. Collins in her letter of May 27, 2010, asked the defendants to specify precisely what information in the documents constituted trade secrets, and advised that the documents would not be returned, but would be treated confidentially, if the defendants requested, under the Confidentiality Order.  It is plaintiff's position that the documents were relevant to the litigation.

　　On June 4, 2010, I wrote to Ms. Collins and reiterated my demand for the return of the documents, and pointed out to her that per the terms of the Confidentiality Noncompete Agreement all information affecting or relating to the business of Hangster's which is not generally available and known to the public is confidential information.  In addition the Agreement specifies that confidential information is not to be disclosed by the employee, and is to be returned to the Company upon termination.  Finally, I directed her attention to a recent case on the issue <u>Allia v Target Corporation</u>, (2010 WL 1050043 (D.N.J.)).

　　During our most recent discussion on this issue, Ms. Collins has advised that she would like some time to research the issue, prior to my filing a motion.  I have agreed to Ms. Collins' request.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　<u>/s/Susanna J. Morris</u>
　　　　　　　　　　　　　　　　Susanna J. Morris


**BUDD LARNER**
A PROFESSIONAL CORPORATION

June 15, 2010
Page 5