NOT FOR PUBLICATION                                    (Doc. No. 105)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

_____
                                                       :
ANDREW DUBLER,                                         :
                                                       :
                    Plaintiff,                         :
                                                       :          Civil No. 09-5144 (RBK/JS)
          v.                                           :
                                                       :          **OPINION**
HANGSTERFER'S LABORATORIES, et al.,                    :
                                                       :
                    Defendants.                        :
_____               :

**KUGLER**, United States District Judge:

          This matter comes before the Court pursuant to the motion by Plaintiff Andrew Dubler

("Plaintiff") for reconsideration of this Court's Opinion and Order dated March 5, 2012 (the

"Opinion").  As set forth in the Court's prior Opinion, Plaintiff brought claims against

Hangsterfer's Laboratories, Hangsterfer's Laboratories Severance Plan, Ann Jones, and Beth

Jones Sheehan ("Defendants"), claiming violations of the New Jersey Conscientious Employee

Protection Act ("CEPA"), N.J.S.A. § 34:19-2(e) (Count I), wrongful discharge (Count II), failure

to pay severance and benefits in violation of the Employee Retirement Income Security Act

(ERISA), 29 U.S.C. § 1002 (Count III), violation of the New Jersey Wage Payment Law

("WPL"), N.J.S.A. § 34:11-4.1 (Count IV), and breach of express or implied contract (Count V).

Defendant subsequently moved for summary judgment as to all counts in Plaintiff's Complaint.

The Court, in the Order dated March 5, 2012, granted summary judgment to Defendant as to all

counts except for Plaintiff's ERISA claim (Count III).  For the reasons discussed below, the

Court denies Plaintiff's motion for reconsideration, Plaintiff's request for certification of

1

interlocutory appeal, Plaintiff's request for entry of final judgment pursuant to Rule 54(b), and Plaintiff's motion to stay.

## I.  LEGAL STANDARD[1]

Motions for reconsideration are not expressly recognized in the Federal Rules of Civil Procedure.  See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Generally, a motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e), or as a motion for relief from judgment or order under Federal Rule of Civil Procedure 60(b).  See id.  In the District of New Jersey, Local Civil Rule 7.1(i) governs motions for reconsideration.  See Byrne v. Calastro, No. 05-68, 2006 U.S. Dist. LEXIS 64054, at *7 (D.N.J. Aug. 28, 2006).

Local Civil Rule 7.1(i) permits a party to seek reconsideration by the Court of matters which the party "believes the Judge or Magistrate Judge has overlooked" when it ruled on the motion.  See L. Civ. R. 7.1(i).  "The standard for [reconsideration] is high, and reconsideration is to be granted only sparingly."  United States v. Jones, 158 F.R.D. 309, 314 (D.N.J. 1994).  The movant has the burden of demonstrating either:  "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. River Ins. Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995)).  "The word 'overlooked' is the operative term in the Rule."  Bowers v. NCAA, 130 F. Supp. 2d 610, 612 (D.N.J. 2001) (citation omitted); Compaction Sys. Corp., 88 F. Supp. 2d at 345.  The Court will grant a motion for reconsideration

---

[1] The underlying facts in this case have been set forth in the Court's Opinion dated January 26, 2012 and incorporated by reference herein.

only where it overlooked a factual or legal issue that may alter the disposition of the matter.  See Compaction Sys. Corp., 88 F. Supp. 2d at 345; see also L. Civ. R. 7.1(i).

       Ordinarily, a motion for reconsideration may address only those matters of fact or issues of law that the parties presented to, but were not considered by, the court in the course of making the decision at issue.  See Student Pub. Interest Grp. v. Monsanto Co., 727 F. Supp. 876, 878 (D.N.J.), aff'd, 891 F.2d 283 (3d Cir. 1989).  Thus, reconsideration is not to be used as a means of expanding the record to include matters not originally before the court.  See Bowers, 130 F. Supp. 2d at 613; Resorts Int'l. v. Great Bay Hotel and Casino, Inc., 830 F. Supp. 826, 831 & n.3 (D.N.J. 1992); Egloff v. New Jersey Air Nat'l Guard, 684 F. Supp. 1275, 1279 (D.N.J. 1988). Absent unusual circumstances, a court should reject new evidence that was not presented when the court made the contested decision.  See Resorts Int'l, 830 F. Supp. at 831 n.3.  A party seeking to introduce new evidence on reconsideration bears the burden of first demonstrating that the evidence was unavailable or unknown at the time of the original decision.  See Levinson v. Regal Ware, Inc., No. 89-1298, 1989 U.S. Dist. LEXIS 18373, at *2 (D.N.J. Dec. 1, 1989). Moreover, L. Civ. R. 7.1(i) does not allow parties to restate arguments that the court has already considered.  See G-69 v. Degnan, 748 F. Supp. 274, 275 (D.N.J. 1990).  Thus, a difference of opinion with the court's decision should be dealt with through the normal appellate process.  See Bowers, 130 F. Supp. 2d at 612 (citations omitted); Florham Park Chevron, Inc. v. Chevron U.S.A., Inc., 680 F. Supp. 159, 162 (D.N.J. 1988); see also Chicosky v. Presbyterian Med. Ctr., 979 F. Supp. 316, 318 (D.N.J. 1997); NL Indus., Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996) ("Reconsideration motions . . . may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.").  In other words, "[a] motion for reconsideration should not provide the parties with

an opportunity for a second bite at the apple." <u>Tischio v. Bontex, Inc.</u>, 16 F. Supp. 2d 511, 533 (D.N.J. 1998) (citation omitted).

## II.  DISCUSSION

### A.  Motion for Reconsideration

Plaintiff brings his motion for reconsideration based on the alleged "need to correct a clear error of law or fact or to prevent manifest injustice."  As discussed below, the Court finds that there is no clear error of law or fact in the March 5, 2012 Opinion, and that reconsideration is not necessary to prevent manifest injustice in this case.  Therefore, the Court denies Plaintiff's motion for reconsideration.

#### 1.  Whether Plaintiff had Established a Prima Facie CEPA Claim

Plaintiff first argues that this Court's prior finding that "the amount of elapsed time between Plaintiff's alleged whistle-blowing activity and the employer's adverse action under CEPA does not permit an inference of causation in the prima facie stage" constitutes a clear error of law.  Pl. br. at 5 (quoting Opinion at 6-7).  Plaintiff argues that he was not given a chance to prove a causal connection between the alleged whistleblower activity and the alleged retaliatory activity because the Court found that the intervening two-year period precluded Plaintiff's claim. To the contrary, the Court made no such holding.  Instead, a reading of the text of the March 5, 2012 Opinion reveals that the Court found that the two-year period did not allow a reasonable inference to be drawn in favor of Plaintiff, who had the burden to establish a prima facie CEPA claim, on the issue of causation.  The Court found that Plaintiff needed to provide more than evidence of temporal proximity in this case to establish a prima facie case.  The Court further found that Plaintiff's promotion to the position of General Manager in the intervening two-year period further counseled against an inference of causation.  Therefore, the Court does not find

any clear error of law in the Court's prior discussion regarding the existence of a prima facie CEPA claim in this case.

## 2. Whether the Court Held that Plaintiff's "Cat's Paw" Theory of Liability was not Valid

Plaintiff next argues that the Court held that Plaintiff's "Cat's Paw" theory of liability in Plaintiff's CEPA claim was not valid. Pl. br. at 7. The Court finds that it did not make such a holding. Plaintiff's "Cat's Paw" theory centered on the August 2, 2009 breakfast meeting in which Plaintiff claims that Ann Jones, Ed Jones, and Beth Jones discussed Plaintiff in a negative way. Pl. br. at 8. The Court notes that in the prior Opinion, the Court considered Plaintiff's claim in the context of whether Plaintiff was able to demonstrate that Defendant's proffered reasons for termination were pretextual. The Court found that despite Plaintiff's allegations, it was apparent that "in the context of the record as a whole, the chronology of events does not provide substantial support for [Plaintiff's] position." Opinion at 7-8 (quoting Thomas v. Hammonton, 351 F.3d 108, 114 (3d Cir. 2003)). Accordingly, the Court found that Plaintiff had failed to sufficiently establish pretext with respect to Defendant's proffered reasons for termination. The Court finds that Plaintiff has already argued the "Cat's Paw" theory in Plaintiff's original opposition brief, and that Plaintiff is not permitted to reargue this issue in the instant motion for reconsideration.

## 3. Whether the Court Considered Plaintiff's Subsequent Attempts to Blow the Whistle

Plaintiff finally argues that the Court ignored Plaintiff's subsequent attempts to blow the whistle in November 2007 and February 2008. The Court notes that the prior Opinion

specifically found that Plaintiff had been promoted to General Manager of Hangsterfer's in August 2008.  Moreover, Plaintiff was not terminated until August 2009, over one year after Plaintiff's promotion.  Opinion at 2-3.  The Court found that because Plaintiff's promotion occurred after Plaintiff's alleged attempts to "blow the whistle" on the allegedly stolen formula, and because Plaintiff was not terminated for a lengthy period of time after Plaintiff's promotion, that Plaintiff had failed to make a sufficient showing that Defendant's proffered reasons for termination were pretextual.  Id. at 7-8.  Accordingly, the Court finds that Plaintiff has not shown that the Court made a clear error of fact.  Therefore, Plaintiff's motion for reconsideration must be denied.

### 4.  Plaintiff's Application for Certification for Interlocutory Appeal

Plaintiff next requests that this Court certify this case for interlocutory appeal. Interlocutory appeal may be certified when the pertinent order "involves a controlling question of law as to which there is a substantial ground for difference of opinion and an immediate appeal may materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b). Plaintiff argues that this Court's holding that a two year lapse in time between a whistleblowing activity and an adverse employment action is fatal to a CEPA claim.  Pl. br. at 11.  As discussed above, the Court finds that it did not make such a holding in the prior Opinion.  See discussion supra Part II.A.  Therefore, the Court finds that the Court's March 5, 2012 Order may not be certified for interlocutory appeal since it does not satisfy the requirements of 28 U.S.C. § 1292(b).

### 5.  Plaintiff's Request that Final Judgment be Entered as to the CEPA Claim

Plaintiff requests that this Court enter final judgment as to Plaintiff's CEPA claim pursuant to Federal Rule of Civil Procedure 54(b), which states:

When an action presents more than one claim for relief—whether as a claim, counterclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay.

This Court undertakes a two-step analysis to determine whether final judgment should be entered pursuant to Rule 54(b). "First, 'finality' must be satisfied, 'in the sense that [the judgment] is an ultimate disposition of an individual claim entered in the course of a multiple claims action.'" Kapossy v. McGraw-Hill, Inc., 942 F.Supp. 996, 999 (1996) (internal quotations omitted). Next, "the court must determine that the matter is 'ready for appeal ... tak[ing] into account judicial administrative interests as well as the equities involved.'" Id.

Applying this two-step analysis, the Court finds that Plaintiff's CEPA claim is an individual claim separate and distinct from Plaintiff's pending ERISA claim. As Plaintiff notes, separate recovery is possible on each claim. The Court finds that Plaintiff's CEPA claim was directed at individual members of the Jones family in addition to Hangsterfer's, and that, if Plaintiff's CEPA claim were allowed to proceed, Plaintiff would have recovered for different damages on Plaintiff's CEPA claim as compared to Plaintiff's ERISA claim. Therefore, the Court considers the CEPA claim a separate and distinct claim for purposes of Rule 54(b).

The Court nonetheless determines that, "taking into account judicial administrative interests" as well as equitable considerations, Plaintiff's CEPA claim is not "ready for appeal" at this time. The Court considers several factors in making this determination. Berckeley v. Inv. Group, Ltd. v. Colkitt, 455 F.3d 195, 203 (3d Cir. 2006). First, the Court finds that the adjudicated and unadjudicated claims are not related, and that the need for review of Plaintiff's CEPA claim will not be mooted by future developments in the district court. Furthermore, the reviewing court will not be obliged to consider the CEPA claim a second time unless Plaintiff

appeals a second time.  These three factors counsel in favor of entering final judgment for Plaintiff on the CEPA claim.  However, the Court notes that there is a pending counterclaim against Plaintiff, which could result in a set-off against the judgment sought to be made final. Moreover, judicial administrative interests strongly counsel against granting final judgment on Plaintiff's CEPA claim for purposes of Rule 54(b).  Plaintiff further requests that this Court stay the matter pending appeal, which would delay the resolution of Plaintiff's case and could be prejudicial to Defendants.  In addition, Plaintiff may elect to appeal Plaintiff's pending ERISA claim after trial, which would then require the Third Circuit to hear an appeal of Plaintiff's ERISA and CEPA claims separately.  Piecemeal litigation and appellate practice is disfavored by the Courts.  In view of the above considerations, this Court exercises its discretion to deny Plaintiff's Rule 54(b) request.  Plaintiff has the right to appeal his CEPA and/or ERISA claims together, after trial and after final judgment as to all matters in this case.  Therefore, the Court finds that there is just reason for delay of Plaintiff's appeal as to the CEPA claim.

The Court declines to prolong the litigation of Plaintiff's remaining claims in this case. Accordingly, the Court declines to grant Plaintiff's motion to stay.

## V.   CONCLUSION

For the reasons detailed above, the Court denies Plaintiff's motion for reconsideration. The Court further declines to issue a certification of interlocutory appeal, and declines to enter final judgment pursuant to Rule 54(b) in this matter.  The Court denies Plaintiff's motion to stay. An appropriate order shall enter today.

Dated:  4/16/12                                    /s/ Robert B. Kugler
                                                   ROBERT B. KUGLER
                                                   United States District Judge